UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC SPECIALTY INSURANCE CO.,

                Plaintiff,

-against-

ROYAL ALLIANCE ASSOCIATES, INC.,

                Defendant.

23-CV-9555 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Defendant Royal Alliance Associates, Inc. ("Royal Alliance" or "Defendant") moves to redact portions of Plaintiff's complaint (ECF No. 6 or the "Complaint") on the basis that the Complaint discloses confidential information contained in settlement agreements between Royal Alliance and its customers, including the names and amounts of the settlements, as well as details regarding the negotiation of these settlements. ECF No. 12 ("Mot."). Plaintiff Atlantic Specialty Insurance Company ("Atlantic" or "Plaintiff") opposes these redactions in their entirety on the basis they pertain to information that is already publicly available in an SEC enforcement action or to which no legitimate confidentiality concern attaches. ECF No. 17 ("Opp."). The Court has reviewed *in camera* the confidentiality provisions in the settlement agreements entered between Royal Alliance and its clients as well as the arbitral procedural order, which are referenced in the parties' letters.

      "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)) ("*Amodeo II*"). "[M]otions to seal

documents must be 'carefully and skeptically reviewed . . . to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches. *Lugosch*, 435 F.3d at 119–20 (2d Cir. 2006). First, a court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Id*. at 119. Second, if the documents are judicial documents, a court must determine the weight of the presumption of access. *Id*. Third, a court must balance "competing considerations" against the weight of the presumption of access. *Id*. at 120.

In addition to the common law right of access, there is also a qualified First Amendment right to access judicial documents. *Lugosch*, 435 F.3d at 120. Under the First Amendment "experience and logic" test, the court must consider whether the documents "have historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question." *Id*. (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004)). If a First Amendment right of access applies, documents may only be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

With respect to the first step of the *Lugosch* analysis, the Complaint is plainly a judicial document subject to a presumption of public access. *Bernstein v. Bernstein Litowitz Berger &*

*Grossmann LLP,* 814 F.3d 132, 140 (2d Cir. 2016). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Id*. at 140 (internal citation omitted). With respect to the second step, the weight of the presumption of public access for a complaint is strong. *Id*. at 142. Complaints directly affect adjudications and are used to determine litigants' substantive legal rights, thus, "the presumption of access is at its zenith and thus can be overcome only by extraordinary circumstances." *Id*. Moreover, "access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id*. at 141.

In the third *Lugosch* step, the Court must balance "competing considerations" against the weight of the presumption of access. *Id.* at 120. Established "competing considerations" include "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure" and of third parties. *Id.*; *see also Amodeo II*, 71 F.3d at 1050–51. Courts should also consider the "nature and degree of injury" that may result from disclosure, the "reliability of the information" and "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *Id*. "If such factors outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023). Parties "opposing disclosure [of a judicial document] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). "[B]road allegations of harm unsubstantiated by specific examples or

3

articulated reasoning fail to satisfy the test." *Id*.

"[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998)). *See also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) (stating that "[t]he Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement" and then sealing settlement documents). Accordingly, confidential information contained in settlement agreements between Royal Alliance and its customers, including the amounts of the settlements and the counterparties thereto, as well as details regarding the negotiation of these settlements, may be properly redacted. *See Kewazinga Corp. v. Microsoft Corp.*, 18-CV-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redaction of "information regarding settlement agreements with third parties, which include confidentiality obligations to those third parties."); *Richmond v. Montefiore Med. Ctr.*, No. 21-CV-8700 (PGG), 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (granting motion to seal confidential settlement agreement and settlement communications with third party and redact corresponding passages in Rule 56.1 statements and briefs). That Royal Alliance disclosed some of this information to Atlantic – with whom it holds the insurance policy at issue in this action – in pre-litigation demands related to coverage does not undermine the weight assigned to protecting settlement confidentiality.

However, redaction of information that is already public – whether due to the SEC

enforcement action, *Securities and Exchange Commission v. TCA Fund Mgmt. Group Corp. et al.*, No. 1:20-cv-21964 (CMA) (S.D. Fla. 2022), or otherwise – is not permitted. *See In re Telegraph Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL 5770115, at *6 (S.D.N.Y. Sept. 6, 2023) (denying motion to seal information that is already a matter of public record); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (concluding that matters contained in a settlement agreement, which "might otherwise have seemed [ ] entitled to [sealing]," were not because the matter was previously disclosed in an unsealed complaint); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 1222122, at *8 (S.D.N.Y. Mar. 31, 2021) (redacting "information about a separate lawsuit, information that is available in a publicly-filed complaint . . . is improper."). In contrast, information arising solely from confidential Financial Industry Regulatory Authority ("FINRA") arbitrations, including the names of which Royal Alliance's clients commenced confidential arbitrations, is non-public and may be properly redacted as specified below. That the mere identity of investors is already public does not require the disclosure of non-public information regarding confidential arbitral proceedings and settlements to which they are party.

Based on the foregoing, Defendant's proposed redactions are permitted, except for the names of the TCA funds (Complaint ¶31 and throughout) as such information is already public. "Because the common law framework is dispositive" of the motion to redact, "the Court need not undertake the First Amendment analysis." *Telegraph*, 2023 WL 5770115, at *6.

## CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part the request to redact the Complaint. No later than **December 18, 2023**, Defendant shall provide to Plaintiff a redacted version of the Complaint that conforms to this Order. Plaintiff shall file the redacted

version of the Complaint by **December 21, 2023**.

The Clerk of Court is directed to terminate ECF Nos. 9 and 12.

Dated: December 12, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge