UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
                        :

ATLANTIC SPECIALTY INSURANCE CO.,   :    **23 Civ. No. 9555 (JGLC) (GS)**

               Plaintiff,    :    <u>**ORDER**</u>

                        :

        - against -            :

ROYAL ALLIANCE ASSOCIATES, INC.      :

               Defendant.   :

                        :
---------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

By letter-motion dated January 17, 2024, Defendant Royal Alliance Associates, Inc.

("Defendant") moves to file under seal certain confidential information contained in its Motion

to Compel Arbitration and Dismiss the Complaint ("Motion to Compel").  (Dkt. No. 28 ("Motion

to Seal" or "Mot.")).  Defendant filed its Motion to Compel and supporting papers

contemporaneously with its Motion to Seal.  (Dkt. Nos. 26, 29-32).  Certain exhibits in support

of its Motion to Compel were filed under seal (*see* Dkt. No. 32); other exhibits and Defendant's

memorandum of law were filed publicly in redacted form (Dkt. Nos. 29, 31).

Defendant's present Motion to Seal comes after a prior motion by Defendant to redact

portions of the Complaint filed by Plaintiff Atlantic Specialty Insurance Co. ("Plaintiff").  (Dkt.

No. 12).  On December 12, 2023, Judge Clarke granted Defendant's prior motion in large part,

despite Plaintiff's objections.  (Dkt. No. 19 ("December 12 Order")).  Defendant represents that

the information it seeks to protect through its current Motion to Seal is the same type of

confidential information that Judge Clarke permitted to be redacted from the Complaint in the

December 12 Order.  (Mot. at 3).  That information includes information disclosed during

confidential Financial Industry Regulatory Authority ("FINRA") arbitrations, as well as confidential information contained in settlement agreements with Defendant's customers, including the names of customers with whom it settled, the amounts, other terms of the settlements, and settlement negotiation discussions.  (*Id*. at 2; *see* December 12 Order at 4-5).

Plaintiff, while noting that it continues to disagree that the information in question should be shielded from public view, acknowledges that the information that Defendant seeks to file under seal, or in redacted form, generally appears to be in line with the December 12 Order. (Dkt. No. 43).  Thus, Plaintiff has not opposed Defendant's current Motion to Seal.  (*Id*.).

The Court has reviewed the documents that Defendant has filed under seal, as well as those submitted in redacted form, in support of its Motion to Compel, and agrees that Defendant has adhered to Judge Clarke's December 12 Order.  (*See* Dkt. Nos. 29, 31, 32).  There is one category of information that was not specifically addressed in the December 12 Order, namely, the pleadings in the JAMS arbitration currently pending between Plaintiff and Defendant.  (*See* Mot. at 2; Dkt. Nos. 31, 32).  However, inasmuch as the JAMS arbitration is also confidential, the Court finds that these materials are also properly filed under seal and/or redacted, for the same reasons set forth in the December 12 Order pertaining to the confidential FINRA arbitrations.

Accordingly, Defendant's Motion to Seal is GRANTED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 28.

**SO ORDERED.**

DATED:    March 4, 2024
              New York, New York

_____
The Honorable Gary Stein
United States Magistrate Judge